BELTRAMI, J.,
Northampton
This matter is before the court on defendant’s motion for judgment on the pleadings, filed on January 14, 2015. Briefs have been filed, and oral argument was heard on February 24,2015. The matter is ready for disposition.
Plaintiff commenced this action on August 29, 2014, by filing a complaint which alleges the following undisputed facts. Plaintiff worked for defendant for approximately three years. (Compl. ¶ 3; Answer ¶ 3.) On June 2, 2014, plaintiff resigned from his position after providing defendant with notice of his resignation on May *436 19, 2014. (Compl. ¶¶5-6; Answer ¶¶5-6.) While plaintiff was employed with defendant, defendant maintained a vacation policy. (Compl. ¶ 8; Answer ¶ 8.) Paragraph eight of plaintiff’s complaint states that a copy of the policy is attached to the complaint as Exhibit “A,” but there is nothing attached to the complaint filed with the clerk of court. The policy is attached to the copy of the complaint attached to defendant’s motion for judgment on the pleadings. (Mot. for J. on the Pleadings Ex. A.)
According to the policy, “[djuring an employee’s second and future calendar years of employment, the employee will receive two (2) weeks of vacation (84 or 80 hours) on January 1st upon working a minimum of 1900 hours in the preceding year.” (Id. at 1.) The policy states that the “established vacation year is the calendar year, January 1 through December 31 each year” and that “[ejmployees may not carry unused vacation into the next calendar year[,]” meaning that any vacation time received on January 1 must be used by December 31 of that year. (Id. at 1-2.) As plaintiff was in his third year of employment at the time of his resignation, he was entitled to receive two weeks of vacation (84 or 80 hours) on January 1, 2014, to be used by December 31, 2014. (Id.) Plaintiff was compensated for eighty-four hours of vacation during 2014. (New matter ¶¶ 28-31; reply to new matter ¶¶ 28-31.)
In his complaint, which contains a single count pursuant to the Wage Payment and Collection Law, 43 P.S. §§ 260.1-260.45, plaintiff claims that he is entitled to unpaid vacation time. At oral argument, plaintiff clarified that he has not been paid for vacation time earned in 2014.
Defendant’s vacation policy states that employees *437 “receive vacation time based [on] length of service and the number of hours worked in the preceding year.” (Mot. for J. on the Pleadings Ex. A at 1 (emphasis added)). The policy also states that “[e]mployees who resign and provide the company with two weeks’ notice will be paid for any earned and unused vacation for that calendar year.” (Id. at 2 (emphasis added)). By way of an illustrative hypothetical, defendant’s policy operates as follows.
If Employee works 1,900 hours in Year A, Employee earns vacation time, which does not become available for use by Employee until January 1, Year B. If Employee resigns during Year B and complies with the provision of the policy regarding resignation, Employee is entitled to compensation for any vacation hours which became available for use on January 1, Year B, that Employee has not yet used or been compensated for. Even assuming, for the sake of argument, that Employee worked sufficient (1,900) hours from January 1, Year B, to June 2, Year B, to earn additional vacation time,[1] such vacation time would not become available to Employee until January 1, Year C. Thus, Employee would not be entitled to compensation for that vacation time if he resigned in Year B because employees who resign in a given year are only “paid for any earned and unused vacation for that calendar year.” (Id.)
Applying this hypothetical to plaintiff’s claim reveals that plaintiff has been compensated for all of the vacation time he was entitled to at the time of his resignation on June 2, 2014.[2] Accordingly, no genuine issue of material *438 fact remains, and defendant is entitled to judgment as a matter of law.
WHEREFORE, the court enters the following:
ORDER OF COURT
And now, this 24th day of April, 2015, the “motion of defendant, Alpha Packaging, for judgment on the pleadings,” filed on January 14, 2015, is hereby granted. Judgment is hereby entered in favor of defendant and against plaintiff on plaintiff’s complaint.

. According to the court’s calculation, plaintiff could not have worked 1,900 hours from January 1, 2014, to June 2,2014, which is 153 days or approximately twenty-two weeks, requiring him to have worked approximately eighty-six hours per week.

. In his brief, plaintiff argues that the pleadings provide some basis for finding that an implied-in-fact contract existed between plaintiff and *438 defendant such that the parties had an arrangement regarding vacation compensation different in some respect from the standard arrangement spelled out in defendant’s policy. For this to be the case, the pleadings would have to show some conduct on the part of defendant indicating to plaintiff that he would be treated differently than the policy contemplates. Such facts are absent from the pleadings. Instead, when “plaintiff made a demand for his accrued but unpaid vacation time,” the authority on which he based his demand was the “company policy” itself, not any contrary representations of defendant. (Compl. ¶ 10; Answer ¶ 10.)